J. S. CANAIRO, MANOEL BRANCO, J. R. GASPAR,
JOHN ANTONIO, JOSE DE MENDONCA, FRAN-
CIS MARTINS and SANT' ANNA, Plaintiffs, *v.* JOSE
G. SERRAO, JOSE JOAQUIN FORTADO, JACIN-
THO M. GOUVEA and ANTONE CARVALHO, De-
fendants.

INFORMATION FOR A WRIT OF QUO WARRANTO.

SUBMITTED MARCH 19, 1897.        DECIDED MARCH 31, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

The day for the annual meeting of a corporation was fixed by the
by-laws. The directors changed the day fixed and named another
day, and caused notice to be sent to the stockholders that the
annual meeting would be held on the day named by them.

Held, that without the consent and approval of all the stockholders
the meeting held on that day was illegal.

Held, that the directors have no power or authority, without the con-
sent of all the stockholders, to alter or change the by-laws of a
corporation, nor to change the day of the annual meeting if fixed
by the by-laws. The power to change, alter or amend the by-laws
is in the stockholders.

Held, that officers elected at such illegal meeting were in office un-
lawfully, and could be ousted by quo warranto.

Held, that to obtain a writ of quo warranto, a formal petition duly
verified must be filed; an information without such petition is
insufficient to cause the writ to issue under our statutes and prac-
tice. That a writ of quo warranto must be issued in the name of
the sovereign.

Held, that where on quo warranto it appears that the persons against
whom the writ is directed were not legally elected officers of a

corporation, or hold office unlawfully, the court or judge has power
under our statutes to order the corporation to hold a new election
and call a meeting of stockholders for that purpose, and need not
refer the petitioners to the remedy by mandamus.

OPINION OF THE COURT BY WHITING, J.

The affidavit of J. S. Canairo sets forth in substance that he
is a stockholder in the Portuguese Sugar Mill Company, Lim-
ited (a corporation), with a capital stock of $30,000 dollars,
divided into 60 shares of $500 each; that 57 shares only have
been legally sold, and the plaintiffs hold a majority thereof, to
wit, 29 shares; the officers are a president, vice-president, secre-
tary, treasurer and auditor, who constitute the board of directors,
and the business of the company is committed to their charge.
That by Sec. 3, Art. VI. of the by-laws, "all the business trans-
actions must be agreed upon by all the members of the board
of directors, in case they cannot agree, it shall be submitted
to the general assembly for a final decision." That the by-
laws provide for an annual meeting of shareholders in January
of each year (the by-laws fix the date of the annual meeting at
January 15 of each year), and all the shareholders shall be
notified by the secretary two weeks prior thereto by letter.
Affiant further sets forth that defendants or some of them
published a notice in the newspapers that the annual meeting
of 1897 would be held on January 17; and that letters sent
to shareholders by defendants or some of them gave notice to
appear for their annual meeting on January 16, 1897. That
on January 16, 1897, the defendants who represented a minority
of the shares, unlawfully and in violation of the by-laws, held
a pretended meeting and election of the following officers: J.
G. Serrao, president (one of the defendants); J. S. Canairo,
vice-president (one of the plaintiffs); Antone Carvalho, secre-
tary (a defendant); J. J. Fortado, treasurer (a defend-
ant); J. M. Gouvea, auditor (a defendant), and that
these officers assumed the duties of officers of the company,
but that this assumption of control is contrary to the rights of

plaintiffs, and in violation of the by-laws of the company, and in violation of law; and that the same will result in the injury and irreparable damage to the plaintiffs, who are a majority of the shareholders; and also injury and damage to the business of the corporation and its sugar mill plant. Further, that the defendants, who pretend to be directors, have fraudulently and in violation of the by-laws, against the will and over the protest of a majority of the shareholders, unlawfully sold three shares of the capital stock, Nos. 60, 61 and 62, December 15, 1896, to one Nuno Fernandez, for the purpose, under colorable title, of controlling sufficient of the shares favorable to defendants and fraudulently secure their election as officers. Further, that on January 16, 1897, a majority of the shareholders (meaning the plaintiffs) assembled, a quorum being present, and elected J. S. Canairo, president, Manoel Branco, vice-president, J. R. Gaspar, treasurer, Joao Antonio, secretary (who was secretary in 1896), Jose Mendonca, auditor, and that these officers constitute the regularly and lawfully elected board of directors. Further, that defendants, without right or title, unlawfully and fraudulently prevent the plaintiffs from entering upon their respective duties as such officers. Wherefore plaintiffs pray for a writ of quo warranto against defendants and each of them to—

1. Show by what authority they hold their respective offices and exercise the powers and duties of directors, officers and managers of this corporation.

2. To show cause why a judgment of ouster should not be rendered against them and each of them.

3. And why the plaintiffs and each of them be not put in possession of the management and control of the business affairs of said company by virtue of their election to offices hereinbefore mentioned.

4. For production of books and documents of the company, and that the legality of the election be tested.

5. And for an injunction against defendants from acting as officers.

The defendants in their answer deny that the capital stock of the company thus far legally sold is 57 shares, deny that 29 shares is a majority of the stock; admit that letters were issued to the shareholders of the said company to attend the annual meeting on January 16, 1897, and allege that said notices were given in compliance with the by-laws of the said corporation. Further allege that at said meeting on January 16, 1897, these defendants were duly elected as officers of said corporation, at which meeting the holders of a majority of the shares of the capital stock were present, and that defendants were elected by a majority vote of all stock so present. They deny that said election was fraudulent and illegal, but allege that it was held in strict conformity with law and the by-laws of the company, and that they are the duly and legally elected officers of the company. They deny that plaintiffs are duly elected officers or officers at all of the company, and that the meeting and election of officers was invalid and void. They deny any false or fraudulent sale of three shares or any shares of stock. And pray that they be confirmed in their offices.

After full hearing, the presiding circuit judge found for the plaintiffs and ordered "a new election of officers to hold office for the year 1897, such election to take place within one month from the first day of March, 1897, the officers elected for the year 1896 to act until their successors are elected."

The law and proceedings in quo warranto are set forth in Chap. 39, Laws of 1876 (Comp. Laws, p. 593). Of the Writ of Quo Warranto. Sec. 36. This is an order issuing in the name of the sovereign, * * * directed to a person who claims or usurps an office in a corporation, inquiring by what authority he claims to hold such office.

Sec. 38. The order is obtained by petition * * * setting out facts sufficient to show a right to the order, and sworn to if the application is made by a private individual.

Sec. 39. The party to whom an order is directed shall file his answer in writing, within the time limited by the order, and state the authority under which he claims to act.

Sec. 40. If the party to whom the order is directed does not answer within the time allowed, the court or justice, as the case may be, shall declare him not qualified to fill the office of which he performs the duties, and shall forbid him to perform them any longer,   *   *   *   *and shall direct the corporation to proceed to* a new appointment.

Sec. 41. But if the person to whom the order is directed answer within the time allowed, judgment shall be pronounced upon the answer in a summary manner, and after hearing the parties, if the court or judge who issued the order thinks that the person to whom the mandate was directed has usurped the office which he holds, or that he continues in it unlawfully, judgment shall be rendered against him in the manner provided in. the preceding article, otherwise the petition shall be dismissed. * * *

Sec. 42. In all cases contemplated by this article (Art. 4, Writ of Quo Warranto), judgment shall be given according to the nature of the complaint.

The by-laws of the corporation provided that the annual meeting should be held on January 15 of each year, and the secretary should notify each stockholder of the meeting two weeks beforehand.

The evidence shows (1) a notice by the secretary, Joao Antonio, dated December 12, 1896, calling the annual meeting for January 16, 1897, and published in the "O Luso" newspaper published in Honolulu on December 24, 1896.

(2) That the secretary, Antonio, sent written notices dated December 30, 1896, to individual shareholders that the annual meeting was to be held on January 16, 1897, some of these notices contained the further notice that the date of the annual meeting for 1897 had been changed from January 15, fixed by the by-laws, to January 16, 1897, by order of the directors at a meeting held on December 27, 1896.

(3) That the directors did, on December 27, 1896, vote to change the day of the annual meeting for 1897 from January 15 to January 16, 1897. January 15th, 1897, fell on a Friday.

(4) That the president, J. G. Serrao, published notices in the Hilo newspapers that the annual meeting would be held on January 17, 1897, signed by him as president.

On January 16, 1897, the shareholders assembled at about six o'clock p. m., among whom were present J. G. Serrao, the president, and Joao Antonio, the secretary. The president called the meeting to order and directed the secretary to call the roll, but the secretary objected and finally refused, placed his books on the table and retired from the room. The secretary held four shares, and on his leaving there were represented by shareholders and proxies 31 shares; of these Nuno Fernandez held and voted three shares which the plaintiffs claim were fraudulently and illegally issued. This meeting proceeded to business and elected the defendants as officers and directors as specified in the pleadings, and adjourned. Immediately thereafter the other stockholders, the present petitioners representing 29 shares, organized a meeting presided over by J. S. Canairo, and elected certain officers, who now claim to be the legal officers, and are part of the plaintiffs named. One of the shares held by Mendonca, who was elected in this second meeting as an officer, is claimed by the defendants to have been illegally issued and voted.

The defendants claim their offices by virtue of their election thereto at the meeting presided over by J. G. Serrao, which they claim was the legal annual meeting, while the plaintiffs claim that the meeting was illegal and contrary to the by-laws.

This meeting was clearly illegal, for it was not called for nor held on the day fixed by the by-laws, to wit, January 15, 1897, and the action of the directors was illegal and without authority of law or of the by-laws. The directors have no right or authority to alter or amend the by-laws, that power being in the stockholders. Directors cannot change the day of the annual meeting of the stockholders, without the consent or approval of all the stockholders, and such certainly is not the case here. The defendants therefore are not legally entitled to hold the offices by them claimed by virtue of such election.

*State of Nevada v. McCullough*, 3 Nev. 202.
*The San Buenaventura Min. Co. v. Vassault*, 50 Cal. 534.
*The People v. Bd. of Governors of Albany*, 61 Barb. 397.

The officers whom the plaintiffs claim are entitled to act and be put in charge of the business of the corporation have no legal right or title to act as such, for the meeting at which they claim to be elected was as clearly illegal and without authority as the one presided over by J. G. Serrao, the president of the corporation at the time, and who, if any, was the proper officer to call a meeting to order. Further, the refusal to enter the called meeting of January 16, 1897, may have been within the rights and powers of J. S. Canairo and the others with him, but there was no right or authority in him and them to await the closing of the regular meeting (although illegal as to the time of holding and the manner of calling, and changing of date, &c.), at which the regular president acted, and the secretary appeared and produced the books of the corporation but afterwards left, and then hold a meeting by themselves; their acts and meeting were void.

The presiding Circuit Judge, presumably from his order, found that neither set of officers are entitled to hold office, and consequently made the order for a new election by the corporation. It is claimed by defendants that this order was wrong and extra judicial on the ground that the corporation had adopted and was governed by a constitution and by-laws which provided for calling of elections, and there being no allegation that the officer whose duty it was and is to call such election had neglected or refused so to do, it is presumed that he will do his duty. When he neglects or refuses to do so, any party aggrieved thereby have their proper remedy by writ of mandamus.

Counsel must have overlooked our Hawaiian statute of the Writ of Quo Warranto, quoted above, Sec. 41 and Sec. 40, where it is provided that if the officer of the corporation to whom the writ is directed holds his office unlawfully, the court

shall declare him not qualified to fill the office of which he performs the duties, and shall forbid him to perform them any longer, *and shall direct the corporation to proceed to a new appointment.*

The Circuit Judge had the power to order a new election, and was correct in deciding that the officers for the year 1896 hold over until new and legally elected officers are appointed.

The defendants also moved to dismiss the information, claiming that it is not in conformity with law, and irregular on its face, and that there is no petition for a writ of quo warranto.

There are many faults in the pleadings of the plaintiffs. There is no petition. The law requires a petition, which should be addressed to the court or judge, and be properly verified, and the affidavit of one of the petitioners cannot take the place of the petition, although perfectly proper to be used to base the petition on. The title to the present affidavit or information sets forth seven names as plaintiffs, but nowhere in the affidavit does it appear what interest two of the plaintiffs have in the subject matter. The affidavit sets forth the election of five of the plaintiffs to offices in the company and prays that the plaintiffs and each of them (seven) be put in control of the business and affairs of the company by virtue of this election to the offices referred to. The deponent for and on behalf of himself and his *co-defendants* prays, &c.; this is a clerical error undoubtedly, but shows the necessity of greater care in drafting pleadings. The law requires the writ to issue in the name of the sovereign, which is the Republic of Hawaii, but that was not done in this case, for the writ does not show that it issued in the name of any one, not even in the name of the court.

The course pursued by the plaintiffs in their pleadings is not in accordance with our law and practice, and no writ should have issued on them. But from the evidence we are made aware of the great injury that may result to many innocent shareholders in their rights, and also danger of loss of their property, and decide that we will not dismiss the case and cause a long delay by the bringing of new and properly drawn plead-

ings, where the result would be the same, that is, the ordering of a new election of officers by the corporation. We therefore order each party to pay their own costs; costs of both Circuit and Supreme Courts to be divided.

It is not now necessary to decide the other points raised, and especially the question whether certificates of stock were legally issued to Nuno Fernandez and Jose de Mendonca.

The appeal is not sustained, and the case is remanded to the Circuit Judge for further proceedings on the order made by him.

*G. F. Little,* for plaintiffs.

*D. H. Hitchcock, W. S. Wise* and *F. M. Wakefield,* for defendants.