J. S. CANARIO *et al. v.* JOSE G. SERRAO *et al.*

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED DECEMBER 22, 1897.    DECIDED JANUARY 13, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

1.  On Quo Warranto proceedings the Court has the power to order on a proper showing, an election of officers of a corporation, to be held on a day certain though differing from the day fixed by the by-laws for the annual election of officers.

2.  The Court has no power to adjudge void the stock of a person not a party to the proceedings.

OPINION OF THE COURT BY JUDD, C. J.

This case was submitted to us on briefs.    It differs from statutory appeals in equity, in that the appeal is taken "solely upon points of law," and no evidence is sent up.    The record of the case in which this appeal arises is in the Circuit Court, Fourth Circuit.

The points of law submitted are upon two questions decided by the Circuit Judge from which the defendants appeal.

1.    The Court ordered an election (of the officers of the corporation) to be held by the Hilo Portuguese Sugar Mill Company on a certain date.

2.    The court declared the three shares of stock held by Nuno Fernandez to be null and void, and not to be counted at the coming election.

The original action was a petition for a writ of *Quo Warranto* raising the validity of a certain election of officers of the cor-

poration in question. On appeal to this Court we decided on March 17, 1897, 11 Haw. 22, that the Circuit Judge had the power to order a new election and directed him to proceed with the case. He did so and ordered, on June 22, 1897, an election to be held on the 17th of July thereafter. We find no reason for holding that this order was wrong. The Circuit Judge had held that the election was invalid and this finding was sustained by this Court and there remained nothing further but to order a new election and to fix a date for it. We therefore dismiss the appeal on the first point.

We infer from the meagre papers sent up that no election was held on the 17th July, it being considered that the appeal of defendants suspended the election. Reference to our decision shows that the by-laws of the corporation provide that the annual election of officers be held on the 15th January of each year. We presume that the corporation were advised to comply with this by-law and give the requisite notices and to hold the election on the 15th January, irrespective of this litigation. If, however, this was not done, it will be in the power of the Circuit Judge to fix a further date for the election.

On the second point, we hold that the Circuit Judge had no power to find as follows: That "the sale of the three shares of the capital stock of the Hilo Portuguese Sugar Mill Company, Limited, purported to have been sold to Nuno Fernandez, numbered 60, 61 and 62 was in violation of the by-laws of the said Hilo Portuguese Sugar Mill Company, Limited, and therefore void and of no force or effect. I further find from the evidence that such sale was made and the shares purchased by Nuno Fernandez with due notice. It is therefore ordered and adjudged by this Court that the said shares of stock numbered 60, 61 and 62, of the Hilo Portuguese Sugar Mill Company, Limited, so sold as aforesaid be not counted at the coming election as heretofore ordered."

The illegality of the sale of the stock to Nuno Fernandez could not be enquired into and his stock declared void without

making him a party to the proceedings. The person whose name is registered as the owner of the stock on the transfer book or other books of the corporation is entitled to vote the stock. Cook on Stock, &c., §611. If Nuno Fernandez is not in this position he cannot vote the stock.

For the reason then that Fernandez is not a party to these proceedings the Circuit Judge was without authority to make the order that he did. This part of the order is vacated, and the second part of defendants' appeal is sustained. Costs divided.

The case is remitted to the Circuit Court Fourth Circuit for further proceedings if necessary.

*G. F. Little* for plaintiffs.

*Hitchcock & Wise* and *F. M. Wakefield* for defendant-appellant.