UNITED CHINESE SOCIETY, BY CHU GEM, GOO KIM FOOK, HO FON, TONG KAU, CHONG PAK SUN, PANG LUM MOW, WONG HOW, YEE MUN WAI AND M. C. AMANA, ITS TRUSTEES, AND CHU GEM, GOO KIM FOOK, HO FON, TONG KAU, CHONG PAK SUN, PANG LUM MOW, WONG HOW, YEE MUN WAI AND M. C. AMANA *v.* YEE YAP, LAU TONG, YONG KWONG TAT, LEE CHUCK, LAM YAT KEUNG, LEE LAU, WONG SAI KUEN, C. F. ZEN AND CHIN CHAU.

No. 1079.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. S. B. KEMP, JUDGE.

ARGUED MAY 27, 1918.                    DECIDED JUNE 22, 1918.

COKE, C. J., QUARLES J., AND CIRCUIT JUDGE EDINGS
IN PLACE OF KEMP, J., DISQUALIFIED.

COURTS—*authority—quo warranto.*

 Where on a *quo warranto* the court or judge has authority "to direct the corporation to proceed to a new appointment" to fill a vacancy existing in the board of trustees of the corporation the court or judge likewise possesses the authority to require an election to be held by the members of the society for that purpose and generally to supervise and govern that election.

SAME—*same—same.*

 Where power is conferred upon a court or judge to direct that a certain thing be done the court or judge is inferentially clothed with authority to require the performance of all acts preliminary or incidental to the accomplishment of the ultimate result.

OPINION OF THE COURT BY COKE, C. J.

 The petitioners, appellees, filed in the court below a petition for a writ of *quo warranto* for the purpose of test-

ing the right of respondents to membership on the board of trustees and the right of respondents to act as officers of the United Chinese Society. This society is in the nature of a charitable or benevolent corporation organized and existing under the laws of the Territory of Hawaii and has a large membership composed of Chinese residents in the Territory.

This controversy was before us on a prior occasion (see *Yong Kwong Tat et al.* v. *Yee Mun Wai et al.*, 22 Haw. 604) where a history of this case, unnecessary to be repeated here, will be found. After hearing the cause the judge of the court below rendered his decision wherein he found in substance that the officers of the society, to wit, the president, vice-president, secretary, assistant secretary, treasurer and assistant treasurer having resigned their respective offices in the year 1913 that all of said offices are vacant and that at present none of the contending parties to this cause are entitled thereto. The judge further found that the board of trustees consisted of fifteen members and that fourteen members thereof were duly elected, qualified and acting; that the one vacancy in the board of trustees occurred by reason of an attempt by the society at its annual election in 1913 to elect one Chu Gem a trustee for the term of three years. Chu Gem at a prior election had been elected a trustee and his term of office under the prior election did not expire until January, 1915. The trial judge further held that the trustees, while elected only for the term of three years, continued in office after the expiration of their terms and until their successors were elected. It will thus be seen that Chu Gem continued in office under his first election and that his second election to the trusteeship was a mere nullity. While both sides claimed the right to this trusteeship the trial judge held that neither was entitled thereto and ordered a meeting of the trustees of the society to be held at

a fixed date and place, after proper notice, and ordered that at the meeting the trustees should elect any additional trustee or trustees necessary to complete said board of fifteen members and thereafter should proceed to the election of officers of the society to serve until the annual meeting of the society in November, 1918.   A decree conformable to the decision was made and entered and from the decision and decree respondents come to this court by appeal.

This present controversy, as well as the former one, is the outgrowth of a dispute of many years standing as to who are the *bona fide* members of the society and as such entitled to participate in the elections held by it.   The root of the trouble has its source in the fact that the original membership list or roll-book of the society is missing and that at present only an incomplete roll is in existence, and in the further fact that many of the certificates of membership, especially of the older members, have been lost. It is therefore most difficult, if not quite impossible, from the present records, to ascertain just who are the members and a fertile ground for friction and litigation is afforded. This controversy promises to become an interminable source of trouble unless some means can be devised by which a correct and complete membership roll can be prepared and it thus be definitely ascertained and determined who are entitled to participate in the elections of the society.

The by-laws of the society provide for the election of the board of trustees at the annual meeting of the society by the members thereof.   The by-laws further provide that "in case of the death or disability of a trustee the remaining members of the board may at any regular meeting elect a trustee from the members of the society to fill the vacancy caused by the death or other disability of the trustee."   It is undoubtedly under the authority of the paragraph just quoted that the trial judge ordered a meeting

of the board of trustees and the election by it of a trustee to fill the vacancy then existing caused by the futile attempt to confer upon Chu Gem two trusteeships running concurrently. Where a trustee is properly elected and thereafter dies or becomes disabled so that he cannot perform the functions of the office we think that under the by-laws the remaining members of the board could properly fill the vacancy. But Chu Gem neither died nor did he become disabled after his election and his term of office under his first election did not end until January, 1915. The attempt, then, in 1913, to elect him was abortive. This situation called for the election of a trustee, not by the board of trustees but by the members of the society who alone had authority to make the selection in the first instance.

Having held that the trial judge exceeded his authority in directing the board of trustees to fill the vacancy in the board we now proceed to consider what should have been the order of the court in respect to this phase of the cause. If the party to whom the writ is directed is declared by the judge to be disqualified to fill the office of which he performs the duties or if the judge holds that the person to whom the mandate was directed has usurped the office which he holds or that he continues in it unlawfully the judge can forbid him to perform the duties and shall direct the corporation to proceed to a new appointment. See sections 2713, 2714, R. L. This court has heretofore held that where on a *quo warranto* it appears that the persons against whom the writ is directed were not lawfully elected officers of the corporation or hold office unlawfully the court or judge has power under our statute to order the corporation to hold a new election and call a meeting of the stockholders for that purpose. *Canairo* v. *Serrao*, 11 Haw. 22. It cannot be doubted that if the judge in the present case possessed authority "to direct the corporation

to proceed to a new appointment" to fill the vacancy existing in the board of trustees he likewise possessed the authority to require an election to be held by the members of the society for that purpose and generally to supervise and govern that election. Where power is conferred upon a court or judge to direct that a certain thing be done the court or judge is inferentially clothed with authority to require the performance of all acts preliminary or incidental to the accomplishment of the ultimate object.

In the case at bar the trial judge should have ordered the election of a trustee to fill the vacancy in the board by the members of the society, but as a preliminary step necessary to the holding of a proper election a correct roll or list of the members of the society should be provided and the election supervised in such a manner that the court's orders would be effectively carried out.

We therefore hold that the decree of the judge of the court below should be modified so as to provide for the appointment by the judge of a commissioner clothed with power and authority to prepare a roll or list of the members of the society, such roll or list to contain only the names of the *bona fide* members, and said commissioner being authorized to issue certificates of membership to members not possessing the same and after the completion of the roll or list of membership the commissioner, after due notice, to call an election of the members of the society to fill any vacancy or vacancies in the board of trustees, said commissioner to have the general direction and supervision of such election to the end that the same may be properly and fairly conducted.

The cause is remanded with instructions to modify the decree to conform to the views herein expressed.

*W. B. Lymer* for petitioners.

*A. G. M. Robertson* (*Robertson & Olson* and *R. W. Breckons* on the brief) for respondents.